Pearson, J.
 

 There is no error in the proceedings of the Court below.
 

 After giving bond, and joining in an issue of fraud, it is tóo late to take exception to the writ of ca. sa. This is .settled by more than one case.
 

 
 *30
 
 The defendant’s counsel attempted to distinguish this case, by insisting that the
 
 ca. sa.
 
 was not simply irregular, but void ; that a void
 
 ca. sa.
 
 cannot confer jurisdiction, and that jurisdiction could not be acquired by express consent, much less by consent implied from a waiver or neglect to take exception in apt time.
 

 If the Court derived its jurisdiction from the
 
 ca. sa,,
 
 there would be force in the argument. But jurisdiction of the subject matter is conferred by law ; the
 
 ca. sa.
 
 and bond are only the means or process to bring the party into Court. Any defect in process may be waived.
 

 The argument proves too much, if the Court, when a
 
 ca. sa.
 
 is void, has no jurisdiction and the proceeding is a nullity. Debtors, w-ho have taken the oath and been discharged, may be arrested again. And should they rely upon the discharge, the answer will be, it is a nullity ; the
 
 ca. sa.
 
 was void, and the Court had no jurisdiction.
 

 The next objection is, that the specification was too vague, as no particular land was set out. Specifications are not required by statute, but have been adopted by the Courts, to aid defendants and inform them to what to direct their proofs.
 

 If a specification be not sufficiently certain, and a defendant,
 
 before issue joined,
 
 objects to it, and the Court should refuse to require it to be made certain, it would be error. But if a defendant does not object, and goes to trial, it is too late — he has taken his chance. The verdict cures the defect, for it must be taken for granted that evidence was offered which proved that the defendant had conveyed some particular land with an intent to defraud, otherwise a verdict could not have been rendered. The rule is that a verdict cures all omissions or defects, which must necessarily have been passed upon by the jury.
 

 A declaration in trespass, for breaking the plaintiff’s close in the county of Wake is not too general, unless by
 
 *31
 
 special plea the plaintiff is forced to re-assign. So, trespass for an assault is not too general, if defendant will go to trial on the general issue.
 

 The last objection is, that the verdict is too vague, because it does not describe any particular land, or find that the value is over ten dollars. The verdict is responsive to the issue. But it was argued that the land should have been identified, to enable the defendant to make a “full and fair disclosure.”
 

 The law punishes the defendant for his fraud by im. prisonment; it does not undertake to enable him, by a verdict, to make a “full and fair disclosure.” When he applies a second time for the benefit of “the Act,” he is to make a clear conscience, under the penal
 
 ty
 
 of a second imprisonment.
 

 If the specification and verdict be certain, and the defendant makes a disclosure coming fully up to it, still if the plaintiff is able to show any other propert}', which has been fraudulently conveyed, the defendant will be again imprisoned, until he makes a “full and fair disclosure,” which is a condition precedent to his discharge.
 

 The other ground is equally untenable. The Act does, not allow a debtor to convey, with an intent to defraud, land or any other visible propertj' to the value of one cent. It provides, if the debtor has no
 
 visible
 
 estate, real or personal, and shall make oath, that he hath not the worth of ten dollars in any worldly substance, either in debts owing to him or otherwise, over and above his wearing apparel, &c., and that he hath not at any time sincei his imprisonment or before, directly or indirectly, sold or otherwise disposed of,
 
 any part of his real or personal estate, to
 
 defraud, &c.
 

 This language need only to be read to be understood.'
 

 Pub Curiam. Judgment affirmed.